G. Thomas Martin, III (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400
Fax: 866-583-3695
tmartin@consumerlawcenter.com
Attorneys for Plaintiff,
DENISE UNDERWOOD

**UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| DENISE UNDERWOOD, ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| STELLAR RECOVERY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**VERIFIED COMPLAINT**

DENISE UNDERWOOD (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against, STELLAR RECOVERY, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Oroville, Butte County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a corporation located in Kalispell, Flathead County, Montana.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff on her home telephone number at 530-533-0816 and her work telephone number at 530-532-9400.

14. Defendant calls Plaintiff from 888-318-7048.

15. Defendant places collection calls to Plaintiff and does not provide meaningful disclosure of the caller's identity.

16. Plaintiff called the number appearing on her caller ID in order to determine Defendant's identity.

17. On October 1, 2009, Defendant called Plaintiff at her place of employment and Plaintiff informed Defendant that she was not allowed to receive personal calls at work.

18. Defendant ignored Plaintiff's request that they not contact her at work on October 1, 2009 and informed her that if she didn't call back in 27 minutes her account was going upstairs and they would garnish her wages and [she] would be responsible for legal fees and court costs.

19. To date, Defendant has not instituted garnishment of Plaintiff's wages.

20. To date, Defendant has not filed a lawsuit against Plaintiff.

21. On October 2, 2009, Defendant called Plaintiff at her place of employment and Plaintiff once again informed Defendant that she was not allowed to receive personal calls at work.

22. Despite being told by Plaintiff on October 1 and October 2, 2009 that she could not received personal calls to work, Defendant called a second time on October 2, 2009.

23. Defendant called Plaintiff's neighbor and Plaintiff's neighbor informed Defendant that she would relay the information to Plaintiff.

24. Defendant called Plaintiff's a second time.

25. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's neighbor and failing to identify himself and to confirm or correct Plaintiff's

location information.

b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's neighbor more than once when requested not to do so and without reasonable belief that her earlier response was erroneous or incomplete.

c. Defendant violated *§1692c(3)* of the FDCPA by placing collection calls at Plaintiff place of employment when Plaintiff informed Defendant that they were not allowed to do so.

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse the Plaintiff.

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass the Plaintiff.

f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

g. Defendant violated *§1692e(4)* of the FDCPA by representing that non-payment of a debt will result in garnishment when Defendant does not intend to take such action.

h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to inform Plaintiff of the caller's identity.

i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to garnish wages.

j. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that Plaintiff would be responsible for legal and court fees.

k. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the

debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, DENISE UNDERWOOD, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

27. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

28. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

31. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.10(e)* of the RFDCPA by threatening that non-payment of the debt would result in garnishment when Defendant had no intention to do so.

    b. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    c. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

    d. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

    e. Defendant violated *§1788.13(e)* of the RFDCPA by falsely representing that the Plaintiff's debt may be increased by the addition of attorney's fees and court fees.

    f. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, DENISE UNDERWOOD, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

34. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

*35.* Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

36. Actual damages,

37. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

38. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DENISE UNDERWOOD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  October 14, 2009                KROHN & MOSS, LTD.


By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DENISE UNDERWOOD, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DENISE UNDERWOOD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10-09-09        
                      DENISE UNDERWOOD